

**FILED**

NOV 20 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY

---

UNITED STATES

v.

ROBERT BRUNT

ROBERT ANTHONY BRUNT 40398-424
(Full name and prison number of
movant)

)
)
)
)
)
)
)
)
)
)
)
)

17cv8424
Judge Guzman
Mag. Judge Brown

CASE NO._____
(To be supplied by clerk)

**IF THE MOVANT HAS A SENTENCE TO BE SERVED IN THE <u>FUTURE</u> UNDER A FEDERAL JUDGMENT WHICH HE WISHES TO ATTACK, HE SHOULD FILE A MOTION IN THE FEDERAL COURT WHICH ENTERED THE JUDGMENT.**

1.  Place of detention, or if on parole, date of parole release
    _____.
    F C I MORGANTOWN

2.  Name and location of court which sentence was imposed and name of judge who imposed the sentence which is now under attack.
    UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

    CHICAGO, IL    HONORABLE JUDGE RONALD A. GUZMAN

1

3.   Date of judgment of conviction: 11/28/2016  FINAL  Doc.# 917

4.   Case number:   07-CR-853

5.   Length of sentence:   151 MONTHS

6.   Nature of offense involved (all counts):  18 U.S.C. §§ 641,   )
1341, 1343 and 1957(e).

7.   What was your plea?            (check one)

     (A)   Not guilty            ( X )
     (B)   Guilty                ( )
     (C)   Nolo Contendere       ( )

8.   Kind of trial:               (check one)

     (A)   Jury                  ( X )
     (B)   Judge only            ( )

9.   Did you testify at the trial?

     Yes  ( X )            No   ( )

10.  Did you appeal from the judgment of conviction?

     Yes  ( X )            No   ( )

11.  If you did appeal, answer the following:

     (A)   Name of court  U.S. COURT OF APPEALS FOR THE 7TH CIRCUIT

     (B)   Result  AFFIRMED IN PART, OVER-TURNED IN PART -REMANDED

     (C)   Date of result   April, 2014

12.  Other than a direct appeal from the judgment of conviction and
     sentence, have you previously filed any petitions, appli-
     cations or motions with respect to this judgment in any
     federal court?

     Yes  ( X )            No   ( )

2

13. If your answer to (12) was **"YES,"** give the following information:

(A) (1) Name of court UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

    (2) Nature of proceeding RESTITUTION HEARING

    (3) Grounds Raised RESTITUTION AMOUNT WAS INCORRECT

    (4) Did you receive an evidentiary hearing on your petition, application or motion?

        Yes ( X )      No ( )

    (5) Result REDUCTION IN RESTITUTION

    (6) Date of result November 28, 2016

(B) As to any second petition, application or motion, give the same information: N/A

    (1) Name of the court

    (2) Nature of proceeding

    (3) Grounds Raised

    (4) Did you receive an evidentiary hearing on your petition, application or motion?

        Yes ( )      No ( )

    (5) Result

    (6) Date of result

(C) As to any third petition, application or motion, give the same information: N/A

    (1) Name of the court

    (2) Nature of proceeding

    (3) Grounds Raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ( )           No ( )

(5) Result_____

(6) Date of result_____

(D) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.      Yes ( )    No ( X )

(2) Second petition, etc.    Yes ( )    No ( X )

(3) Third petition, etc.     Yes ( )    No ( X )

(E) If you did **not** appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

I was told by my court appointed appeals counsel Attorney Brian

P. Mullins that the FDIC and mortgage companies being insured

with the jury instruction argument where both ineffective assistance

of trial counsel.  In a letter dated September 20, 2013 [Exhibit A,

B], Brian P. Mullins instructed Petitioner that his argument about

mortgage companies not being insured by FDIC and the judge not

instructing the jury properly on jury instruction.  Attorney Mullins

said that they should be reserved for an ineffective assistance argument

consequently, refused to argue them on direct appeal.

14. State _concisely_ every ground on which you claim that you are being held unlawfully.  Summarize _briefly_ the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and _facts_ supporting same.

CAUTION: **IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.**

A. Ground one __INEFFECTIVE ASSISTANCE OF COUNSEL._____

_____

4

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law:

Attorney Jeffery Steinback, Lawrence Beaumont and Raymond D. Pijon all provided ineffective assistance of counsel when they fell to challenge the Counts in authenticity of the Counts in the indictment.

B.  Ground two___ <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Attorney Raymond D. Pijon was ineffective for failing to object to erroneous jury instructions.

C.  Ground three__ <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Attorneys Jeffrey Steinback, Lawrence Beaumont, Raymond D. Pijon Joshua Sachs all committed Ineffective Assistance of counsel when they failed to convey a formal plea offer to the Petitioner prion to trial.

D.   Ground four_____ __INEFFECTIVE ASSISTANCE OF COUNSEL_____

_____

Supporting FACTS (tell your story __briefly__ without citing cases
or law:
Ineffective assistance of counsel claims on Raymond D. Pijon and

Joshua Sachs, Lawrence Beaumont and Jeffrey Steinback for

misleading Petitioner submit to a proffer unrepresented prior to trial,

and Pijon and Sach for not motioning to have the proffer removed

from trial records.

_____

15.  If any of the grounds listed in 14 A, B, C, and D were not
     previously presented, state __briefly__ what grounds were not so
     presented, and give your reasons for not presenting them:
     Grounds A & B were not used on Direct because of Appellate Counsel

     Brian P. Mullins refusal to use the arguments on Direct Appeal.

     Grounds C, D, & E were all ineffective assistance of counsel

     arguments, and were reserved to use on this 2255 claim.

16.  Do you have any petition or appeal now pending in any court as
     to the judgment under attack?      Yes (  )      No ( x )

     (A)  If **"YES,"** state the name of the court and the nature of
          the proceeding:_____

     _____

     _____

17.  Give the name and address, if known, of each attorney who
     represented you in the following stages of the judgment
     attacked herein:

     (A)  At preliminary hearing____LAWRENCE BEAUMONT_____

          53 West Jackson Boulevard, Room 625, Chicago, IL 60604

     (B)  At arraignment and plea____LAWRENCE BEAUMONT_____

          53 West Jackson Boulevard, Room 625, Chicago, IL 60604

6

(C)  At trial  RAYMOND P. PIJON AND JOSHUA SACHS

      Pijon, 134 North LaSalle St., Ste. 1800, Chicago. IL 60602

(D)  At sentencing  RAYMOND D. PIJON AND JOSHUA SACHS

      Sachs, P.O. Box 6556, Evanston, IL 60204

(E)  On appeal  BRIAN P. MULLINS, MILWAUKEE, WI

      1223 North Prospect Avenue, Milwaukee WI 53202

(F)  In any post-conviction proceeding  PRO SE

(G)  On appeal from any adverse ruling in a post-conviction proceeding  N/A

18.  Were you sentenced on more than one count of an indictment, or more than one indictment, in the same court and at approximately the same time?    Yes ( X )    No ( )

19.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
            Yes ( )    No ( X )

(A)  If so, give the name and location of the court which imposed the sentence to be served in the future:

(B)  And give the date and length of sentence to be served in the future:

7

WHEREFORE, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____PRO-SE_____               _____Robert A Brent_____

Signature of attorney (if any)        Signature of Movant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____11-13-2017_____

                (date)

_____Robert A Brent_____

Signature of Movant

## A. GROUND (1)

Attorney Jeffrey Steinback, Lawrence Beaumont, Raymond D. Pijon, and Joshua Sachs all committed ineffective assistance of counsel when they failed to challenge the counts and the authenticity of the counts in the indictment.

### ARGUMENT

Petitioner respectfully submits that all four attorneys were ineffective for failing to investigate the Petitioner's indictment that contain erroneous information that was critical in the counts set forth in the indictment. Had Petitioner's counsels investigated the charges properly, that were set forth in the complaint and the information surrounding it, all four attorneys would have discovered that mortgage companies were not insured by the Federal Deposit Insurance Corporation ("FDIC") under Title 18 U.S.C. § 20, and therefore, could not be defined as a financial institution at the time of Petitioner's alleged fraud as contained in the complaint. Petitioner contended that the government had not proven, as the indictment charges, that the mortgage companies in the Counts were FDIC insured financial institutions, an essential element of the crime charged in the indictment. See United States v. Bennett, 621 F. 3d 1131 (9th Cir. 2010); United States v. Jake P. Platenburg, 657 F. 2d 797 (5th Cir. 1981); Russell v. United States, 369 U.S. 749, 763-64, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962); see also Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The failure of Attorneys Jeffrey Steinback, Lawrence Beaumont, Raymond D. Pijon, and Joshua Sachs to properly investigate the complaint was a violation of Petitioner's Sixth Amendment and due process rights. See Strickland v. Washington, 466 U.S. 668, 688, 80 L. Ed. 2s 674, 104 S. Ct. 2052 (1984). See also Exhibit A, B.

### RELIEF REQUESTED

Given that the purported victims do not meet the statutory definition of a financial institution at the time of the purported alleged fraud, the Petitioner prays upon this Court to vacate the conviction and sentence in this

criminal matter, and seeks a dismissal with prejudice of the indictment as being fatally flawed, or in the alternative the Petitioner requests the Court to order an evidentiary hearing so that Petitioner can present further evidence to the Court.

**B. GROUND (2)**

Attorneys Raymond D. Pijon and Joshua Sachs were ineffective for failing to object to the erroneous jury instructions

**ARGUMENT**

Attorneys Raymond D. Pijon and Joshua Sachs were ineffective for failing to object to the erroneous jury instructions that were given by the Honorable Judge Ronald A. Guzman. On or about December 8, 2011, during jury instructions Judge Guzman stated that "the term 'financial institution' includes commercial banks, trust companies, businesses engaged in vehicle sales including automobile sales, a pawn broker, a loan or finance company and businesses and persons engaged in real estate closings or settlements." The definition Judge Guzman instructed the jury is not pursuant to Title 18 U.S.C. § 20 at the time of Petitioner's alleged fraud [2002-2006], the erroneous instructions did not adequately state the law and that the error was prejudicial to them because the jury was likely to be confused or misled. The failure of Petitioner's counsel to object to the flawed erroneous and improper jury instructions was not a sound tactical judgment call.

In the exercise of professional judgment, counsel is required to "bring to bear" such skill and knowledge as will render the Petitioner a reliable advocate in trial. However, counsel's ineffectiveness prejudiced Petitioner by not objecting to the erroneous jury instructions or correcting them, it would have been impossible for any of the jurors to reach a fair and unprejudiced decision.

The failure of Attorneys Raymond D. Pijon and Joshua Sachs to object to the erroneous jury instruction was ineffective and a violation of Petitioner's Sixth Amendment and due process rights. See Wiggins v. Smith, 593 U.S. 510, 534, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003); Strickland v. Washington, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); see also Wright v. Gramley, 125 F. 3d 1038 (7th Cir. 1997).

The failure of Attorneys Raymond D. Pijon and Joshua Sachs to object to the erroneous jury instructions was ineffective and a violation of Petitioner's Sixth Amendment and due process rights. See Wiggins v. Smith, 593 U.S. 510, 534, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003).

## RELIEF REQUESTED

The Petitioner prays upon this Court to vacate the conviction and sentence in this criminal matter and seeks a dismissal with prejudice of the indictment. Or in the alternative the Petitioner requests the Court to order an evidentiary hearing so that Petitioner can present further evidence to the Court.

**C. GROUND (3)**

Attorneys Jeffrey Steinback, Lawrence Beaumont, Raymond D. Pijon, and Joshua Sachs all committed ineffective assistance of counsel when they failed to convey a formal plea offer to the Petitioner prior to trial.

**ARGUMENT**

Petitioner respectfully submits that the attorneys were all ineffective for failing to convey the formal plea offer to Petitioner; had counsel conveyed the formal plea offer Petitioner contends he would have accepted such offer and not proceeded to trial, if he would have been presented all the details of the plea offer. (See Under Sealed Proceedings before the Honorable Ronald A. Guzman on or about January 7, 2011). The Petitioner's Sixth Amendment and due process rights were violated when none of the attorneys conveyed the complete information of the "Plea Deal." See Missouri v. Frye, 566 U.S. 134, 148, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012).

**RELIEF REQUESTED**

The Petitioner prays upon this Honorable Court to have the sentence vacated and the matter remanded back to the district court for further proceedings to include allowing the terms of the formal offer to be set as the sentence.

## D. GROUND (4)

Attorneys Lawrence Beaumont and Jeffrey Steinback committed ineffective assistance of counsel by misleading Petitioner to submit to a proffer unrepresented prior to trial, and Raymond D. Pijon and Joshua Sachs committed ineffective assistance of counsel for not motioning to have the proffer removed before trial.

### ARGUMENT

On or about January 6, 2011, Petitioner's motion to have Attorney Lawrence Beaumont and Jeffery Steinback dismissed as his counsels, because of overwhelming acts of negligence both attorneys demonstrated in Petitioner's pretrial proceedings. They misled Petitioner to meeting with government prosecutors without any attorney present. Petitioner was not told by either counselor that the meeting was actually a "Proffer Hearing" and his attorney was in full negotiation with the government prosecutors (see Unseal Transcripts dated on or about January 6, 2011). The Honorable Judge Ronald A. Guzman dismissed both attorneys off the case, and appointed Attorneys Raymond Pijon and Joshua Sachs. These attorneys took the case to trial without motioning to remove the proffer or even informing Petitioner that the proffer was going to be used at trial. The proffer was then used to try and impeach the Petitioner's testimony and ultimately was the basis for Petitioner's sentencing enhancements.

Counsels should have thoroughly investigated the reasoning behind Petitioner's disputed proffer, adn the fact that Petitioner had no legal counsel [attorney] present in the illegitimate proffer meeting. The Court appointed attorneys should have moved to have the illegal proffer disposed of long before trial and their failure to challenge this ill proffer legitimizes the ineffectiveness of both Court appointed attorneys.

### RELIEF REQUESTED

The Petitioner prays upon this Court to vacate the conviction and sentence in this criminal matter and seek a dismissal with prejudice of the indictment,

should this Court have any doubt as to the argument put forth by Petitioner, then an evidentiary hearing is requested to present further evidence to the Court.

## E. GROUND (5)

Appellate Attorney Brian P. Mullins was ineffective for not raising the claims of erroneous jury instructions, and also the claim that mortgage companies were not financial institutions on direct appeal.

### ARGUMENT

On or about August 20, 2013, Petitioner forwarded a letter to Appellate Attorney Brian P. Mullins concerning Petitioner raising claims on direct appeal. The main issue was pertaining to Mortgage Companies <u>not</u> being insured and <u>not</u> defined as a "financial institution" at the time of Petitioner's alleged fraud charge. Attorney Mullins in a letter Dated September 20, 2013, responded to Petitioner and informed him that he would not use the aforementioned argument on direct appeal and that this particular argument should be reserved for a claim of ineffective assistance of your trial counsel in a motion filed under 28 U.S.C. § 2255. This advice was misleading and ineffective, also a violation of Petitioner's Sixth Amendment and due process rights. <u>See</u> Exhibit A.

Also, counsel refused to argue erroneous jury instructions on direct appeal. Had Attorney Mullins investigated the facts and information forwarded to him on August 20, 2013, he would have found that mortgage companies were in fact not covered by Title 18 U.S.C. § 20 and the jury instructions were erroneous; because of this fact both arguments should have been raised on direct appeal.

### RELIEF REQUESTED

The Petitioner requests this Honorable Court to vacate the conviction and sentence in this criminal matter and seeks a dismissal with prejudice of the indictment as being fatally flawed, or in the alternative the Petitioner requests the Court to order an evidentiary hearing so that Petitioner can present further evidence to the Court.

### CONCLUSION

Counsel must discuss the pros and cons of tactical decisions with his client. This protects the right to assist in his own defense; it is plainly understood that

in order to accomplish these ends counsel must thoroughly inform himself of the facts and charges confronting his client, United States v. Chapman, 593 F.3d 365, 371 (4th Cir. 2009), see also American Bar Association ("ABA") Standard, § 4-4.1, defense counsel required to conduct prompt investigation, not to motion the court to nix the illegitimate proffer and it be removed from the record, and the absence of Attorneys Steinback and Beaumont being present with Petitioner at inappropriate, improper, unwarranted, proffer interview perpetuated and highlighted the ineffectiveness of all four attorneys. This is an unequivocal violation of Petitioner's Sixth Amendement. See Lafler v. Cooper, 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), Missouri v. Frye, 566 U.S. 134, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), see also Florida v. Nixon, 543 U.S. 175, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004).

## CERTIFICATE OF SERVICE

I, Robert Brunt, do hereby certify that I have, on this ____ day of November 2017,

placed an original 28 U.S.C. 2255 motion, in the prison mailing system at F.C.I.

Morgantown, P.O. Box 1000, Morgantown, West Virginia, 26507-1000, postage

pre-paid and in first class mail and directed to the following recipients:


Clerk of Courts
U.S. District Court 20 Fl
219 S. Dearborn St.
Chicago, IL 60604

Robert Brunt, Pro-Se
Fed Reg.No. 40398-424
F.C.I. Morgantown
P.O. Box 1000
Morgantown, WV 26507-1000

and
Mr. Brian Patrick Netols
Office of U.S. Attorney
219 S. Dearborn St.
Chicago, IL 60604

18

## BURKE AND MULLINS
### ATTORNEYS AT LAW
### 1223 NORTH PROSPECT AVENUE
### MILWAUKEE, WISCONSIN 53202

WILLIAM U. BURKE, S.C.
(414) 221-1717
chip@burkeslawsc.com

BRIAN P. MULLINS, S.C.
(414) 731-1754
brianmullins1213@gmail.com

September 20, 2013

EXHIBIT A

Robert Brunt
Inmate #40398-424
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Loretto, PA 15940

Re:   *United States v. Brunt*
      Appeal No. No. 12-3007

Dear Robert:

Enclosed are the transcripts from the January 6 and 7, 2011, hearings that were sealed. Also enclosed are drafts of the statement of facts for your brief, and Ms. Scullark's brief regarding the loss amount and the number of victims used to enhance your sentences under the Sentencing Guidelines. We will be adopting those arguments, so they relate to you just as much as to Ms. Scullark.

With respect to your August 20, 2013, letter, you should be aware that I am not going to file an *Anders* brief for you. *Anders* briefs are filed when the lawyer does not believe there are *any* issues with merit to raise on appeal. However, I think there are several issues that have merit, in addition to the issues raised by Ms. Scullark. For example, I think your attorney should have been able to cross-examine Walter Jackson with details of his prior convictions for identity theft. Other issues on which I need to do a little more research, but might have merit, are that the government should not have been able to use your proffer against you, that McDermott testified about conversations he had with you that were protected by the attorney-client privilege, and that you were not allowed to introduce taped conversations you made with buyers of the properties.

As to the issues you raised about the banks not being insured by the FDIC and the judge not instructing the jury properly on that topic, this should be an argument reserved for a claim of ineffective assistance of your trial counsel if you decide to file a motion under 28 U.S.C. § 2255

because your trial attorneys, in fact all of the trial attorneys, agreed that those banks were covered by the FDIC.

Regarding your request to file a supplemental brief, I do not think the Court of Appeals will allow it because you are represented by an attorney. If you insist on filing your supplemental brief, the Court will likely require you to choose to: 1) continue with me as your attorney and allow me to raise the issues I think have merit; 2) ask me to withdraw from the case and request a different attorney be appointed for you; or 3) represent yourself on the appeal (pro se). If I think an issue has merit, I will address it in the brief. But if we disagree on whether an issue has merit, you are not waiving your right to address that issue because you can also argue on a 2255 petition that I was ineffective in representing you on your appeal.

Although I was appointed by the Court, I am working for you and my ethical responsibilities require me to represent your interests without regard to anyone – including the Court of Appeals, Judge Guzman, the prosecutor, or your codefendants. If we disagree as to the issues that should be raised, it is only because in my professional judgment I think your best interests are served by my decisions.

Our brief is due on October 10 and I do not anticipate needing any additional time to complete it. I will schedule a telephone call with you for the week of September 30 to discuss these issues in more detail. And I will mail a draft of the brief to you before it is filed.

Finally, thank you for the FBI report regarding Ramirez. That will help me with deciding whether to address that issue in your brief.

I look forward to talking with you soon.

Sincerely,

Brian P. Mullins

November 30, 2010

<u>United States v. Robert Brunt</u>,

Case No. 07CR853

E X H I B I T    B

Robert Brunt's 18 U.S.C. § 2255 ADDENDUM

## MORTGAGE COMPANIES IN THE INDICTMENT AND THEIR SUBSIDIARIES

Mortgage companies in the indictment and their subsidiaries Well Fargo Mortgage a subsidiary of Well Fargo Bank, National City Mortgage a subsidiary of National City Bank, Chase Manhattan Mortgage a subsidiary of Chase Manhattan Bank, Saxon Mortgage's indictment did not disclose a subsidiary, Fremont Investment's indictment did not disclose a subsidiary and MIT Lending's indictment did not disclose a subsidiary.

Charter One Bank, Washington Mutual Bank, Bridgeview Bank were just Petitioner Personal Bank and were not charged in the indictment.

<u>United States v. Bennett</u>, 519 Fed. Appx. 419; 2013 U.S. App. LEXIS 10320, No. 11-50428 (9th Cir. Cal. May 22, 2013). The government presented evidence that defendant fraudulently procured funds from the lender [mortgage company] and it was a wholly owned subsidiary of the bank, and that the bank was a financial institution because it was federally insured. On those facts alone, and the financial institution definition as it existed at the time of the offense, no rational jury could have found Bennett guilty of the crime.

In May 2009, Congress amended the definition of "financial institution" to include mortgage lending businesses. <u>See</u> <u>Fraud Enforcement and Recovery Act of 2009</u>, Pub. L. No. 111-21 § 2(a)(3). Had this amendment been in effect at the time of Petitioner alleged conviction [2002-2006], the mortgage companies involved would have been financial institutions.



17cv8424
Judge Guzman
Mag. Judge Brown



CERTIFIED MAIL™

7014 0510 0000 0586 5608

40398-424
Robert Brunt
Federal Correctional Institution
P.O. Box 1000
Morgantown, West Virginia 26507-1000
United States

40398-424
Clerk Of The Court
U.S. District Court, 20 FL.
219 South Dearborn Street
Chicago, IL 60604
United States




11/20/2017-53

RECEIVED

NOV 2 0 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT