IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERCIA | ) | CASE 07-CR-853 |
| Plaintiff | ) | |
| | ) | **FILED** |
| v. | ) | |
| | ) | PRO SE  NOV 28 2017 |
| ROBERT BRUNT | ) | |
| | ) | THOMAS G. BRUTON |
| Defendant | ) | CLERK, U.S. DISTRICT COURT |

MOTION TO AMEND PREVIOUSLY FILED MOTION PURSUANT
TO 28 U.S.C. SECTION §2255 TO VACATE, SET ASIDE OR
CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY

NOW COMES the Defendant, Robert Brunt, in a Pro-Se Motion to amend a previously submitted Motion Pursuant to 28 U.S.C. Section §2255, for the reasons stated hereinafter. This amendment is made to Item B, Ground 2, Page 11 of the Brief in Support of Motion Pursuant to 28 U.S.C. §2255 that was submitted to this Honorable Court on or about 11/6/17. Inadvertently a part of the Argument for ground two was omitted and it contains information necessary to the proof of the matter under Strickland.

It is understood that this amendment is an addition to and not a replacement of the original filing and now by reference the original filing becomes a part hereof as if it were repeated in full herein. This is a formal request to expand the record in this matter, for the reasons stated hereinbefore.

ARGUMENT

To amend by expansion, Section B. Ground 2, the Defendant offers the following.

1

A "financial institution' is defined under 18 U.S.C. §20, at the time of the alleged crimes, as specified in the indictment, as:

18 U.S.C. §20 FINANCIAL INSTITUTION DEFINED as used in this title, the term finandial institution means:

1) An insured depository institution (as defined in Section 3(C)(2) of the Federal Deposit Insurance Act [12 U.S.C.S. §1813 (c)(2)].

2) A credit union with accounts insured by the National Credit Union Shared Insurance Fund.

3) A Federal Home Loan Bank or a member, as defined in Section 2 of the Federal Home Land Bank Act [12 U.S.C. §1422], of the Federal Home Loan Bank System.

4) A system institution of the Farm Credit System as defined in Section 5.35(3) of the Farm Credit Act of 1971 [12 U.S.C. §2271 (3)].

5) A small business investment company as defined in Section 103 of the Small Business Investment Act of 1958 [15 U.S.C. §622].

6) A depository institution holding company (as defined in Section 3 (W)(1) of the Federal Deposit Insurance Act [12 U.S.C.S. §1813 (w)(1)])

7) A Federal Reserve Bank of a Member Bank of the Federal Reserve System.

8) An organization operating under Section 15 or 25(a) of the Federal Reserve Act [12 U.S.C.S. §601 et. seq. or 611 et, seq.]

9) A branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of Section 1(b) of the International

Banking Act of 1978 [12 U.S.C.S. §27]).

These were the only businesses that qualified as financial institutions at the time the alleged crimes were specified to have occurred within the indictment. (See- <u>United States v. Bennett</u>, 621 F.3d 1131; 2010 App. LEXIS 18968; No. 06-50580, (9/10/10 Ninth Circuit).

Only after May 20, 2009, was entity #10 added under 18 U.S.C. §20, and it reads as follows:

10) A mortgage lending business (as defined in Section 27 of this Title [18 U.S.C.S. §27] or any person or entity that makes in whole or in part a federally related mortgage loan as defined in Section 3 of the RESPA of 1974 [12 U.S.C.S. §2602]).

Since the Court did not instruct the jury upon this fact, the Court abused its discretion and committed plain error cumulating in the violation of the Defendant's rights under the Constitution of the United States pursuant to Article 1 & 9, Ex Post Facto Clause.

Under the abuse of discretion standard, the Court has abused its discretion when trial judge's decision is based on erroneous conclusions of law or where the record contains no evidence on which he rationally could have based that decision or where the supposed facts found are clearly erroneous. The Petitioner contends that under the abuse of discretion standard, the Court did abuse its discretion by failing to properly instruct the jury.

Under the plain error standard, a Defendant must demonstrate that there was an error, that is was plain, that the error affected sub-stantial rights, and that the error seriously affected the fairness,

3

integrity or public reputation of the judicial proceedings. The Petitioner contends that plain error resulted as a result of judicial abuse of discretion.

In support of this premise, the Petitioner asserts that the court's failure to address or comprehend or instruct the jury with regard to the definition of a financial institution as defined in 18 U.S.C. §20, as related to mail fraud and bank fraud, statisfies the first prong of Strickland in that there was an error and since it was an obvious misinterpretation of the law with regard to defining "financial institution" that the error was reasonably foreseeable to the court and a misinterpretation of law under 18 U.S.C.§1341 & §1343, as charged in the indictment, as alleged violations also affected 18 U.S.C. §1957, changes to predicate offenses, the misinterpretation of law extends to that change as well.

The second prong in Strickland is satisfied in that the first prong caused the conviction of the Petitioner, who is actually innocent of the charges as set forth in the indictment, which resulted in a miscarriage of justice, and affected the outcome of the case, thereby satisfying the second prong. This miscarriage of justice-the conviction of an actually innocent defendant, goes on to satisfy the third and fourth prongs of the plan error standard, because a miscarriage of justice is clearly recognized by all Circuits and the Supreme Court as seriously affecting the fairness, integrity and public reputation of the defendant's judicial proceedings. Also satisfied are both the plain error Standard and the abuse of discretion standard.

At the end of Section B - Ground (2) on the original filing, it is anticipated that the previously amended Motion will be referenced as to be added following paragraph one on page 12 of the original filing.

As to the relief requested on page 12, of the original filing, the Petitioner avers that there is no change indicated thereto.

Respectfully submitted,

*Robert A Brunt*

Robert Brunt, Pro Se

Executed on 18 November, 2017

## CERTIFICATE OF SERVICE

I, Robert Brunt, do hereby certify that I have, on this 18th day of November, 2017, placed one original of MOTION TO AMEND PREVIOUSLY FILED MOTION PURSUANT TO 28 U.S.C. SECTION §2255, TO VACATE, SET ASIDE OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY, by placing same in the United States Postal Service, Postage pre-paid in First Class Mail and directed to the following recipients:

Clerk of Courts
United States District Court
for the Northern District of Illinois
219 S. Dearborn Street   20th Floor
Chicago, IL 60604

*/s/ Robert A Brunt*
Robert A Brunt, Pro Se
Fed Reg No. 40398-424
F C I Morgantown
P O Box 1000
Morgantown, WV 26507-1000

and

Office of the United States Attorney
Mr. Brian Patrick Netols
219 S. Dearborn Street
Chicago, IL 60604

6




RECEIVED
NOV 28 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

11/28/2017-3

⇔40398-424⇔
Clerk Of The Court
U.S District Court 20 fL
219 S Dearborn ST
Chicago, IL 60604
United States

Robert A Brunt
#40398424 FCI
Federal Correctional
Institution Morgantown
PO Box 1000
Morgantown WV 26507

7014 1200 0001 6176 2363
CERTIFIED MAIL