FILED
EC. JUL 13 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BRUNT, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17 CV 8424 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MOVANT'S TIMELY AMENDED 28 U.S.C.§2255 MOTION
RELATED TO GROUNDS III AND IV**

Movant, Robert Blunt, pro-se, hereby moves this court in the above entitled cause to consider his timely amended[1] 28 U.S.C.§2255 Motion related to grounds III and IV of his original motion and states the following in support thereof:

**GROUND III. TRIAL COUNSEL JEFFREY STEINBACK,
LAWRENCE BEAUMONT, RAYMOND D. PIJON, AND
JOSHUA SACHS WERE ALL INCOMPETENT BY FAILING
TO CONVEY THE FORMAL PLEA OFFERED PRE-TRIAL**

It cannot be refuted that Defense Counsel Beaumont testified at the January 6, 2011 hearing, transcripts page 18, line 13-25, and page 19, line 1-9, that there was in fact a favorable plea offered by the government. However that plea was never conveyed to Movant. See: Movant's Declaration Exhibit 1 at 3.

Movant's main concern is this case was to confess hi innocence and to protect his wife and family from prosecution. His proffer certainly supports this contention. It is now Movant's understanding that the government offered a very favorable plea to his pre-trial attorneys Steinback and Beaumont, which they failed to convey to him. Movant has discovered the government offered

---

1. Movant submits this amended motion pursuant Fed.R.Civ.P. 15(a)(1)(B) within 21 days of the government's response (Doc.32) being docketed.

(1)

a plea deal for not more than 1-1/2 years in prison.

Had Movant been made aware of this plea offer, he absolutely would have accepted it instead of proceeding to trial in this matter. See: Exhibit 1 at 4.

The record shows Movant received a 151 months prison sentence after the finding of guilt at trial, thus establishing how he was prejudiced by counsel's incompetence in failing to convey this plea to Movant. Because Movant is un-aware at this time if trial counsel Pijon and Sachs were aware of this formal offer from the government, and evidentiary hearing is necessary to make that determination. Furthermore, as mentioned below, attorney Beaumont admits in pre-trial hearing that a plea was offered by the government however he claimed to be un-aware of the exact terms of the plea[2]. See: January 06, 2011 hearing transcripts page.

For the aforementioned reasons relief is requested that the court open the proceeding allowing Movant to enter into the terms of the offered plea agreement or at a minimum schedule an evidentiary hearing to hear more evidence on this matter.

### GROUND IV. ATTORNEYS LAWRENCE BEAUMONT AND JEFFREY STEINBACK WERE INCOMPETENT FOR MISLEADING MOVANT TO UN-REPRESENTED PROFFERS PRIOR TO TRIAL, AND RAYMOND D. PIJON AND JOSHUA SACHS'S INCOMPETENCE FOR FAILING TO MOTION THE COURT REMOVING OR LIMITING PROFFERED INFORMATION BEFORE TRIAL

Movant's previous defense counsel, Mr. Jeffrey Steniback, and Lawrence Beaumont ill advised him to meet with ghe government to discuss proffering. Neither defense counsel were present full time at the proffering sessions as

---

[2] Because Movant is forced to prepare this amendment without a complete copy of the unsealed January 06, 2011 and January 07, 2011 transcripts it is hindering his ability to fully bring his evidence to the court. This court should take judicial notice of the 'FACT' that the government was ordered to produce a copy to Movant by June 13, 2018 but have failed to do so as of the filing of this pleading. See: Exhibit 1 at 6.

shown by the transcripts of the hearing held January 7, 2011. Mr. Steinback was unable to be at the hearing due to illness but provided an un-sworn statement regarding the representation of Movant. See: Exhibit 2.

At the January 7, 2011 hearing the court questioned Mr. Beaumond extensively regarding trial preparation issues with Movant's case. See January 7, 2011 transcript. At the conclusion of this hearing the court found Movant's contentions meritorious relating to both his trial counsel's incompetence and strategy pushing Movant to an un-represented proffer meeting with the government 'in hopes of a plea agreement' while not preparing to take Movant's case to trial for an entire year. See January 6, 2011 Hearing Transcripts in their entirety and specifically page 37, line 5-6.

Because Movant followed the erroneous advice of his counsel and attended the proffer mostly without counsel present, he made statement during the proffers which were later used to impeach him at trial. The impeachment at trial was extremely damaging to Movant especially in the eyes of the jury. See Trial Transcripts page 3725-3885.

Movant asserts Mr. Steinback's written statement submitted at the January 7, 2011 hearing again is un-sworn and does not state that he explained or discussed the perils of proffering with the government and then later exercising his right to proceed to trial. The court again agrees with Movant's assertion as stated in the January 7, 2011 transcript. See January 7, 2011 Transcript, pages 34-36.

It appears by Mr. Steinback's Bar record and records of the court that it is his standard pattern of practice after he has been retained to send his client to proffer with the government, sealing their fate to a plea agreement. (See: United States v. Jansen, 2018 U.S. App. LEXIS 5755 (6th Cir. 2018).

Movant avers Mr. Steinback nor Mr. Beaumont never explained to him what a proffer was, or that things Movant stated during the proffer sessions could be used against him if he later decided not to plea and proceed to trial. See: Movant's Declaration Exibit 1 at 2.

It cannot be held harmless when this type of impeachment material is presented to the jury. Movant lost all credibility with the jury at that point, and because of his previous defense counsel's advice to attend those proffers mostly un-represented by counsel and his trial counsel's (who actually presented his case to the jury) failure to move to suppress the proffer statements or at minimum file a motion in limine to limit the use of those proffers, Movant suffered extreme prejudice. At no-time did trial attorney Pijon or Sachs advise Movant that the proffer statements would be allowed during trial if Movant took the stand. See: Exhibit 1 at 5.

Had Movant not been impeached at trial with those proffer statements, the jury would have believed his testimony returning a verdict of not guilty. Any competent defense counsel is not going to send his client to proffer with the government th their client is adamant on proceeding to trial.

WHEREFORE Movant prays this Honorable Court will grant all appropriate relief, or other relief as this court deems proper and just to include granting an evidentiary hearing if necessary.

Date: July 4, 2018                                      Respectfully submitted,

                                                        Robert Brunt, Reg.# 40398-424
                                                        Movant / pro-se

(4)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalties of perjury pursuant to 28 U.S.C.§1746 that the true and correct Petitioner's Motion to Movant's Timely Amended 28 U.S.C.§2255 Motion Related to Grounds III and IV was given to prison officials with proper first class postage affixed for mailing to the U.S. District Court, Office of the Clerk, 219 South Dearborn Street, Chicago, IL 60604 on this 6 day of July, 2018 with special instruction enclosed requesting the Honorable Clerk to electronically serve the AUSA's office a copy of this pleading.

Robert Brunt, Reg.# 40398-424
FCI Morgantown
P.O. Box 1000
Morgantown, WV 26507-1000

Petitioner / pro-se

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BRUNT, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17 CV 8424 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**DECLARATION**

I Robert Brund declare under penalties of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct.

1. I'm the Petitoiner / Movant in the above entitled cause.

2. Attorneys Jeffrey Steinback and Lawrence Beaumont never fully explained to me what a proffer session was, or the consequences of proceeding to trial after participating in proffer sessions.

3. Mr. Steinback, nor Mr. Beaumont never made me aware that the government offered a 1-1/2 year plea agreement or any other plea offers.

4. Even though I still profess my innocence in this matter, I would have accepted a 1-3 year plea agreement in the best interest of myself and family.

5. My trial attorneys Raymond Pijon and Joseph Sachs never informed me that if I took the stand at trial, the previous proffer statements could be used against me.

(1)

6. The Honorable Ronald A. Guzman on May 16, 2018 issued an order directing the government to produce to me by June 13, 2018 a full copy of the un-sealed January 06, 2011 and January 07, 2011 Hearing Transcripts. The Court also ordered the government to provide copies of formal plea agreements or a sworn statement concerning the search for said also by June 13, 2018. As of the signing of this Declaration, I have not received either.

I declare under penalties of perjury pursuant to 28 U.S.C.§ 1746 that the foregoing is true and correct.

Executed on this \_\_6\_\_ day of July, 2018.

Robert Brunt

Robert Brunt
REG # 40398-424
Federal Correctional Instutution
FCI Morgantown
P.O. Box 1000
Morgantown, WV  26507




RECEIVED
2018 JUL 13  AM 8:47

"LEGAL MAIL"

U.S. District Court
Office of the Clerk
219 South Dearborn Street
Chicago, IL 60604



07/13/2018-22